## In the Matter of the Erie Rolling Mill Company.

*(District Court, W. D. Pennsylvania.* February 5, 1880.)

BANKRUPTCY—ORDERS FOR GOODS IN FAVOR OF LABORERS—PREFERRED CLAIMS—REV. ST. § 5101.—Orders for goods, drawn by a manufacturing company in favor of their employes, are not preferred claims in the hands of the drawee, against the estate of the bankrupt company, within the meaning of section 5101 of the Revised Statutes, or the act of assembly of the state of Pennsylvania (April 9, 1872; Pur. Dig. 1464;) relating to wages and money due for labor.

In Bankruptcy.

*Sur* petitions of H. V. Claus and of Julius Heffner for orders on the assignee to pay certain alleged labor claims as preferred claims.

ACHESON, J.   Section 5101 of the Revised Statutes gives a priority to "wages due to any operative,   *   *   *   to an amount not exceeding $50, for labor performed within six months next preceding the first publication of the notice of proceedings in bankruptcy."

The Pennsylvania act of assembly of April 9, 1872, (Pur. Dig. § 1464,) provides that "all moneys that may be due, or hereafter become due, for labor and services rendered by any miner, mechanic, laborer or clerk, for any period not exceeding six months immediately preceding the sale and transfer of any manufactory," etc., shall be a lien thereon and preferred in the distribution of the proceeds of the sale thereof; no such preferred claim of any miner, mechanic, laborer or clerk to exceed $200.

The petitioners, H. V. Claus and Julius Heffner, respectively claim the benefit of the above cited statutory provisions. The assignee refuses to recognize the validity of these claims, and the court is asked to make an order directing the payment of said claims as preferred debts.

The facts, as they appear from the petitions and the statements of the petitioners' counsel, are as follows:   Prior to its bankruptcy the "Erie Rolling Mill Company" issued to its operatives, on account of their wages, orders in writing, of which the following is a specimen, viz.:

"No. 573.                    "ERIE, PA., October 12, 1875.

"Pay to Mr. J. Heffner, or bearer, five dollars in goods, and charge to

"$5.                         ERIE ROLLING MILL Co."

The petitioners each hold a number of such orders, and they are the basis of their claims to preference. The petitioners were merchants at Erie, and upon the presentation to them of the said orders, by the operatives to whom they were issued, paid the latter the amount of the orders in goods. Under this state of facts is the claim to preference which the petitioners set up well founded. It is not pretended that they themselves are operatives or laborers. Can they be regarded as assignees of the operatives, or entitled to stand in the shoes of the latter by substitution? It is certain that the petitioners have no formal assignment of these claims, and there is nothing to show that the operatives intended to assign them. Such intention, it seems to me, is not to to be presumed. To keep such liens alive, in favor of parties paying the orders, might be highly prejudicial to the laborers; for these orders, in the hands of the merchant paying them, if still alive, might come in competition with the claims of the laborers themselves for preferences under the law.

In my judgment the true view of the case is this, that when the petitioners paid the orders in question by furnishing goods to the operatives, the labor claims were extinguished, and the Erie Rolling Mill Company became debtors to the petitioners, respectively, for the amount of goods furnished to the operatives pursuant to said orders.

And now, to-wit, February 5, 1880, the rules to show cause why the petitioners' claims should not be paid as preferred claims are discharged, and said petitions are dismissed.